IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JERRY L. HENDRICKS, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-3246 |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
|     Respondent. ) | |

## MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

Petitioner Jerry L. Hendricks has filed a proposed complaint [Doc. No. 1] and motion for order to show cause and turnover evidence and files [Doc. No. 2]. This cause is before the Court for merit review of the pro se Petitioner's complaint pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to identify cognizable claims stated by the complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

The Petitioner describes his complaint as a Freedom of Information Act ("FOIA") appeal to his closed criminal case (Case Number 2:12-cr-20025-SEM-DGB) and his pending section 2255 case (Case Number 3:16-cv-03261-SEM). Following his convictions on four counts of sexual exploitation of a minor, possession of child pornography and with being a registered sex offender who committed a felony involving a minor, the Petitioner is serving a life sentence, plus consecutive sentences of 20 years and 10 years.

The Petitioner's proposed complaint cites FOIA and lists a number of general legal principles. The pleading does not request any particular relief.

In his motion, the Petitioner alleges he was denied an adequate opportunity to prepare a defense because he had to file a 28 U.S.C. § 2255 motion without trial transcripts or evidence. He states he has filed a number of requests seeking the evidence that was used to convict him. He contends there were a number of *Brady* violations. The Petitioner claims these issues have prevented him from proving his innocence.

The Court concludes that this case must be dismissed. The Petitioner has a pending § 2255 motion. Whatever documents the Petitioner seeks relating to trial

transcripts or evidence, the Petitioner can request in connection with the § 2255 proceeding.

Although the Court must construe pro se filings liberally, *see McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), the Court is unable to consider the Petitioner's initial filing as a complaint because it merely states general principles and does not request any relief. The Court also is unable to construe the Petitioner's filings as a complaint commencing an FOIA action because the Petitioner did not pay the required filing fee and did not file a motion to proceed in forma pauperis. *See United States v. Terry*, 500 F. App'x 519, 520 (7th Cir. 2013). To the extent that his motion requests documents that Petitioner says reflect on the propriety of his confinement, the Petitioner should seek relief in his habeas proceeding. *See Skinner v. Switzer*, 562 U.S. 521, 524 (7th Cir. 2011).

Accordingly, the Petitioner has failed to state a claim upon which relief may be granted.

Ergo, this case is Dismissed pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk will terminate any pending motions and close this case.

ENTER: December 21, 2018

    FOR THE COURT:

                                      /s/ *Richard Mills*
                                      Richard Mills
                                      United States District Judge